Colcock, J.
delivered the opinion of the Court.
The facts which appeared on affidavit, and which are deemed important in this case, were these. That Eliza, the wife of the defendant, late Eliza Broion, widow of Robert Broion, and sister of the plaintiff, became possessed of the negroes in dispute, by her marriage with Robert Broion.- That after the death of the said Robert Broion, she went to live with her. brother, the plaintiff and carried with her these negroes. That the brothers of Robert Broion, conceiving they were entitled to the negroes, filed a bill in Equity, and on a supposition, that the plaintiff and his sister meant to take the negroes out of the state, they were ordered to give security for their forthcoming, to abide the decree of the Court, and that accordingly the plaintiff was so bound. That the wife of the defendant left her brother and the negroes in his possession, he being bound for their delivery. Soon after she *402 married the defendant, who, after much trouble and expense, compromised with the Broivns, and ^e bill in Equity was dismissed, and Byrd released from his responsibility. That the plaintiff'had never pretended to any claim to the said negroes, until the issuing of this writ, and now produces a bill of sale, from defendant’s wife, which, however, appears to be only a colourable transfer, without any consideration actually paid, and that even since this suit, the plaintiff has said he would give up the negroes, if his account was paid, (which, he alleges, is due by his sister.) That the negroes Game voluntarily, as it is said, into the defendant’s possession, who laid a claim to them, when the Sheriff took possession of them, by virtue of this writ, and forbade his interference. Whether this remedy can be applied to other than cases of distress for rent, will not now be decided. But admitting that the remedy may be applied in other cases, I am of opinion it cannot apply in this case.
To entitle the party to the remedy, he must prove a clear and unequivocal possession, and an actual taking. I am satisfied with the proof of the taking, for it is clear that the defendant thinks himself entitled to the negroes, and was endeavouring to get them from the plaintiff He proves himself that they came to him, and I do not think the presumption a violent one, that they were induced to go to him, by some act of his. Indeed, the nature of the property, and the po *403 licy of the country, will always induce such a presumption, under such circumstances. The Jr r 7 # question then is, has the plaintiff proved an unequivocal possession ? He certainly has not, for his possession was not by virtue of his bill of sale, which is now used as a mere pretext to get the possession. If it had been a fair bona fide transaction, it was very susceptible of proof, for it was alleged, and not contradicted, that the counsel for the plaintiff, was a witness to the bill of sale. His possession must then be considered as the possession of his sister, the wife of the plaintiff This point was determined in the case Shannon & Shannon, Schoales & Lefroy's Rep. 324. I am of opinion that the motion be rejected, and the writ quashed.
Gibson and Yancey, for the motion
Hayne, contra.
Bay, Nott, and Cheves, J. concurred.
Johnson, J. dissented.